**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**


**MARY E. WILEY,**

 **Plaintiff,**

**v.**                                                                  Case No:   **6:17-cv-97-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

 **Defendant.**

_____

# MEMORANDUM OF DECISION

Mary Wiley (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) failing to state the weight given to a medical opinion from treating psychiatrist Dr. Subramaniyam Vasudevan; 2) failing to state the weight given to a pre-onset date medical opinion from consulting physician Dr. Krishna Vara; and 3) providing inadequate reasons for giving little weight to a Seizures Medical Source Statement from treating physician Dr. Abe Hardoon. Doc. No. 19 at 24-30. Claimant requests that the Court reverse the Commissioner's final decision and remand the case for further proceedings. *Id.* at 40. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.      PROCEDURAL BACKGROUND

On January 11, 2013, Claimant filed her DIB and SSI applications alleging an onset date of January 7, 2012. R. 82. On April 3, 2013, Claimant's applications were denied initially. R. 224,

229. On July 19, 2013, Claimant's applications were denied upon reconsideration. R. 239, 244. On August 9, 2013, Claimant requested a hearing before an ALJ. R. 249. On April 2, 2015, Claimant attended a hearing before the ALJ. R. 102-148. On May 26, 2015, the ALJ issued an unfavorable opinion finding Claimant not disabled. R. 82-94. On June 30, 2015, Claimant requested review of the ALJ's decision. R. 76. On September 28, 2016, the Appeals Council denied Claimant's request. R. 4. Claimant later filed a request for an extension of time to file an appeal to this Court, which the Commissioner granted.[1] R. 1-2. On January 20, 2017, Claimant filed this appeal. Doc. No. 1.

## II. STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations and quotations omitted).

---

[1] Claimant also requested that the Appeals Council reopen the case, but it denied Claimant's request. R. 1-3.

## III.   WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review ... involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x. 929, 931 (11th Cir. 2013).[2] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin*., 625 F. App'x. 960, 962-63 (11th Cir. 2015) (finding that it is reversible error for the ALJ to fail to state weight given to a non-examining physician's opinion).

Absent good cause, the opinion of a treating physician must be given substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

## IV.     ANALYSIS

### A.  Dr. Vasudevan

On May 12, 2014, Dr. Vasudevan completed a Medical Opinion Re: Ability to do Work-Related Activities (Mental) Form. R. 742-743. Dr. Vasudevan found that Claimant is seriously limited as to a number of mental abilities including: understanding, remembering, and carrying out very short and simple instructions; maintaining attention for two-hour segments; working in coordination with or proximity to others without being unduly distracted; making simple work-related decisions; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; and interacting appropriately with the general public. *Id.* According to the form, "seriously limited" means that the claimant has noticeable difficulty in performing a particular task from eleven to twenty percent of the workday or workweek. R. 742.

The ALJ found that Claimant had the residual functional capacity ("RFC") to perform less than a full range of light work with the following mental limitations: Claimant requires simple routine work tasks; Claimant can maintain attention and concentration for two-hour segments during an eight-hour workday; Claimant is able to adapt to gradual changes in a routine work environment; and Claimant can interact frequently with supervisors and co-workers, with occasional interaction with the general public. R. 86. The ALJ mentions Dr. Vasudevan's opinion

when determining Claimant's RFC, but she did not state with particularity the weight given to the opinion and the reasons therefor. R. 90, 92.

Claimant argues that the ALJ committed reversible error by failing to state with particularity the weight given to Dr. Vasudevan's opinion and the reasons therefor. Doc. No. 19 at 24-25. The Commissioner does not contest that Dr. Vasudevan's opinion is a medical opinion or that the ALJ failed to state with particularity the weight given to that opinion. *Id.* at 33-35. Instead, the Commissioner argues that the ALJ "implicitly rejected" Dr. Vasudevan's opinion by noting a number of normal findings regarding Claimant's mental abilities.[3] *Id.*

Dr. Vasudevan's opinion is a medical opinion because it reflects his judgments regarding what Claimant can and cannot do despite her mental impairments. *Winschel*, 631 F.3d at 1178-79. Thus, the ALJ is required to state with particularity the weight given that opinion and the reasons therefor. *Id*. Contrary to the Commissioner's argument, the ALJ cannot implicitly reject or discount a medical opinion. *See McClurkin*, 625 F. App'x at 962-63 (rejecting the argument that "although the ALJ did not explicitly state his reasons for rejecting [a physician's] report, his decision shows that he implicitly rejected the report in favor of more credible evidence."). While the ALJ noted Dr. Vasudevan's opinion when determining Claimant's RFC, she erred by failing to state with particularity the weight given to that opinion.[4]

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's error is harmless if it does not affect the ALJ's conclusion. Here, the ALJ's error is not harmless because Dr. Vasudevan's opinion contains mental limitations that are more restrictive

---

[3] In support of her argument, the Commissioner cites treatment notes from Dr. Vasudevan containing normal mental findings. *See* Doc. No. 19 at 33.

[4] Because Dr. Vasudevan is a treating physician, the ALJ must not only state with particularity the weight given to his opinion and the reasons therefor, but also state good cause reasons should she reject his opinion. *See Phillips,* 357 F.3d at 1240-41.

than Claimant's RFC. R. 86, 742-43. Dr. Vasudevan found that Claimant is seriously limited in: understanding, remembering, and carrying out very short and simple instructions; maintaining attention for two-hour segments; working in coordination with or proximity to others without being unduly distracted; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; and responding appropriately to changes in a routine work setting. R. 742-43. Claimant's RFC, however, states that she: requires simple routine work tasks; can maintain attention and concentration for two-hour segments; can interact frequently with co-workers and supervisors; and is able to adapt to gradual changes in a routine work environment. R. 86. Because Dr. Vasudevan's opinion contains mental limitations that are more restrictive than Claimant's RFC, the ALJ's error is not harmless, and thus, the case must be remanded for further proceedings.

## B. Drs. Vara and Hardoon

Claimant also argues that the ALJ committed reversible error by: 1) failing to state the weight given to a pre-onset date medical opinion from Dr. Vara; and 2) providing inadequate reasons for giving little weight to a Seizures Medical Source Statement from Dr. Hardoon. Doc. No. 19 at 26-30; R. 473, 986-89. The ALJ's error with regard to Dr. Vasudevan's opinion is dispositive, and thus, there is no need to fully examine the medical opinions of Drs. Vara and Hardoon. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin*, 625 F. App'x at 963 n. 3 (no need to analyze other issues when case must be reversed due to other dispositive errors). The Court will only briefly address these two medical opinions.

Though his medical opinion was issued approximately a year and six months before Claimant's onset date, Dr. Vara opined that Claimant cannot engage in prolonged standing or walking for more than two to three hours in an eight-hour workday. R. 473. That finding is more

restrictive than Claimant's RFC, which states that she can stand and walk for six hours in an eight-hour workday. R. 86.

With regard to Dr. Hardoon's Seizures Medical Source Statement, the ALJ gave little weight to it because: 1) it was rendered during Claimant's recovery from recent injuries; and 2) she found that Claimant was not compliant with medical treatment. R. 92. Claimant, however, is correct that Dr. Hardoon's opinion was applied retroactively from July 11, 2011, approximately four years prior to the date the opinion was issued. R. 989. That important aspect of Dr. Hardoon's Seizures Medical Source Statement was not addressed by the ALJ. R. 92. Plaintiff also argues that the ALJ's reasons for giving little weight to Dr. Hardoon's opinion were not supported by substantial evidence because it was never established that Claimant's seizures were the result of her noncompliance with treatment and because the record shows Plaintiff having difficulty affording medications. Doc. No. 19 at 26. Because the entire record is to be reassessed on remand, the ALJ is directed to reweigh Dr. Vara and Dr. Hardoon's opinions.

## V.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1) The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2) The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on April 24, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd
Suite D
1310 W Eau Gallie Blvd
Melbourne, FL 32935

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Karen R. Jackson
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224